# SARAH E. CUNNINGHAM *et al.*

*v.*

# THE ILLINOIS CENTRAL RAILROAD COMPANY *et al.*

1. CONTRACT—*right to provide for forfeiture.* The uniform ruling of this court has been, that parties have the right to make time of the essence of the contract, so that a failure to perform at the time will avoid the agreement.

2. Where the Illinois Central Railroad Company sold one A two forty-acre tracts of land, in 1855, the purchase money being payable in five installments, in two, three, four, five and six years, for which notes were given, time of payment being made expressly of the essence of the contract, and the contract providing that, in case of a failure of payment of any one of the notes at maturity, or of the taxes when due, the obligation of the company to convey should cease, and all payments made and improvements put upon the land should be forfeited to the company, notice of which was waived, and A assigned his contract to C, in June, 1857, who died in June, 1863, leaving the complainants as his widow and heirs: *Held,* on bill to compel the execution of a conveyance, the proof showing that only two of the notes had been paid, and a failure to pay the taxes on the land, that the company had a clear right to declare a forfeiture, and re-sell the land.

3. SAME—*waiver of forfeiture.* The payment of money long after the right to declare a forfeiture of the contract, which, with the other payments, was applied on one of the tracts, for which a conveyance was made, and the subsequent neglect to complete the payments as to the remaining tract, after repeated demands, was held not to debar the company from afterwards declaring a forfeiture as to the tract not conveyed.

4. GUARDIAN—*right to make his wards liable for rents and profits by his own act* After a contract for the purchase of land was forfeited for non-payment of the purchase money, it was *held* erroneous to render a decree against minor heirs for rents and profits of the land for the time they, through their guardian, with the other heirs of a deceased holder of such contract, occupied the same after the forfeiture. They should not be made to suffer for their guardian's trespasses or wrongful acts in respect to the land.

APPEAL from the Circuit Court of Coles county; the Hon. OLIVER L. DAVIS, Judge, presiding.

This was a bill in chancery, by Sarah E. Cunningham, widow, and James H. Cunningham and others, heirs at law of James T. Cunningham, deceased, against the Illinois Central Railroad Company, Asa H. Danforth, George W. Danforth, William Durye and James Frakes. The object of the bill and the facts of the case are stated in the opinion of the court.

Mr. O. B. FICKLIN, and Mr. JAMES W. CRAIG, for the appellants.

Messrs. WILEY & PARKER, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

At the October term, 1871. of the Coles circuit court, Asa H. and George W. Danforth brought an action of ejectment against William Durye and James Frakes, to recover possession of the north-east quarter of the south-east quarter of section 36, township 12. range 7 east. in Coles county. At the same term of the court, Sarah E. Cunningham, the widow. and others, the children and heirs at law. of James T. Cunningham. deceased, filed their bill on the chancery side of the court, alleging, among other things. that, in the year 1855, Thomas A. Apperson entered into a contract with the Illinois Central Railroad Company for the purchase of said tract of land. together with the south-east quarter of the north-east quarter of the same section; that in June, 1857, Apperson assigned the contract to James T. Cunningham, who died intestate June 26, 1863 ; that the defendants in the ejectment suit were tenants of complainants, and praying for an injunction of that suit, and a specific performance of the contract with the railroad company.

The Danforths afterward, at the October term. 1872. filed their cross-bill, setting up a purchase by them of the land in controversy from the railroad company. on the 13th of September, 1869, and asking a decree for rents and profits. Upon

final hearing, at the July term, 1874, the circuit court dismissed the original bill and granted relief under the cross-bill, decreeing against the complainants, except the widow, the sum of $320 for rent, and $50 as solicitor's fees on the dissolution of the temporary injunction which had been allowed. The defendants appealed to this court.

The contract of purchase between Apperson and the railroad company was entered into June 6, 1855, the purchase price being $15 per acre, payable in five installments, in two, three, four, five and six years from the time of purchase, for which notes were given, being of equal amounts, except the first one, which appears to have been the larger by embracing some interest on the others. The time of payment of the notes, and the other requirements, were expressly made of the essence of the contract; and the contract contained the further express provision, that in case of failure of payment of any one of the notes at maturity, or of the taxes when due, then the obligation of the railroad company to convey the land should cease and determine, and all payments made and improvements put upon the land should be forfeited to the company, and notice of forfeiture by the company was waived.

There is no satisfactory evidence that any more than the first two of the notes were paid, and there was a failure to pay any taxes on the land. The tender of payment by the bill, of $600, as the amount due, and bringing the same into court for the defendants, is inconsistent with the pretense of payment of the purchase money.

The uniform ruling of this court has been, that parties have the right to make time of the essence of the contract, so that a failure to perform at the time will avoid the agreement. *Kemp* v. *Humphreys*, 13 Ill. 573; *Chrisman* v. *Miller*, 21 id. 227; *Wynkoop* v. *Cowing*, id. 570; *Steele et al.* v. *Biggs et al.* 22 Ill. 643; *Stow* v. *Russell et al.* 36 id. 18; *Heckard* v. *Sayre*, 34 id. 142; *Phelps* v. *I. C. R. R. Co.* 63 id. 468.

There was here a clear failure of performance on the part of the vendee and his assigns, and no right under the contract to

have a conveyance of the land. We perceive no sufficient ground for the claim of a waiver of the default in payment, by the railroad company. It rests upon the payment to the company of $500 or $600 on the contract in March, 1866. But the contract embraced another forty acres of land besides the one in controversy, and at the time of such payment there was a conveyance made of the other forty acres. It does not appear that the payment then made was any more than was sufficient to complete the payment for the forty acres that were so conveyed. After the making of this payment, and before the re-sale to the Danforths, in 1869, repeated demands of payment of the unpaid portion of the purchase money were made by the railroad company on the appellants, without effect.

The contract for the forty acres in question was cancelled on the 9th day of September, 1869, by the railroad company, for non-payment, and, on the 10th of said September, they re-sold the land to the Danforths at $13.50 per acre, cash, and conveyed to them. The notes to the railroad company were never assigned, and those remaining unpaid were cancelled.

Two of appellants were minors, and remained so until after the commencement of the suit. It appeared that their guardian had in his hands, between the time of payment, in 1866, and the conveyance to the Danforths, money belonging to his wards, more than enough to pay their part of the remaining unpaid purchase money. The proof shows that the land was cultivated from soon after the time of the assignment of the contract by Apperson to James T. Cunningham; that the rental value of it was $2 or more per acre. There were no improvements made on the land by appellants or James T. Cunningham, in the way of fencing, the land being inclosed in a common field with a large body of other land.

We perceive no sufficient reason for disturbing the decree, except as against the two infant defendants, Elizabeth C. and Nancy T. Cunningham. The decree for $320, for the rent of

the land, is against all the appellants, except the widow, the minors as well as the others. The minors had a guardian, and their estate was under his management. They should not be made to suffer for his trespasses or unauthorized acts. We can not recognize the power in the guardian to bring upon the estate of his wards any such liability as for this rent.

That portion of the decree for the payment of $320 for rent of the land, as against the minors, Elizabeth C. and Nancy T. Cunningham, is reversed; in all other respects, the decree is affirmed. The adult appellants and the Danforths will each pay one-half of the costs in this court.

*Decree reversed in part.*