### SOPHIA MORAIN *vs.* MARGARET DEVLIN.

Essex.    Nov. 1, 1881. — Jan. 3, 1882.    MORTON & ALLEN, JJ., absent.

A lunatic is civilly liable for an injury caused by the defective condition of a place, not in the exclusive occupancy and control of a tenant, upon real estate of which he is the owner, and of which his guardian has the care and management.

TORT for personal injuries occasioned to the plaintiff, on May 10, 1880, by a defect in a doorstep of a tenement building owned by the defendant in Lawrence.

At the trial in the Superior Court, before *Brigham*, C. J., the plaintiff conceded that, since 1876, the defendant has been an insane person confined in one of the lunatic hospitals of the Commonwealth ; and that in 1876 John Cheetham was duly appointed guardian of the defendant, and has ever since held the appointment and had the care and management of all the property of his ward. Cheetham was appointed guardian *ad litem.*

The defendant asked the judge to instruct the jury that, upon the above facts, the action could not, as matter of law, be maintained. But the judge declined so to rule, and submitted the

case to the jury under instructions not otherwise objected to by the defendant.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions to the refusal to rule as requested.

*E. T. Burley*, for the defendant.

*W. F. Moyes*, for the plaintiff.

GRAY, C. J.  By the common law, as generally stated in the books, a lunatic is civilly liable to make compensation in damages to persons injured by his acts, although, being incapable of criminal intent, he is not liable to indictment and punishment.  Bac. Max. *reg.* 7.  *Weaver* v. *Ward*, Hob. 134.  2 Rol. Ab. 547.  1 Hale P. C. 15, 16.  1 Hawk. *c.* 1, § 5.  Bac. Ab. Idiots & Lunatics, E.  *Haycraft* v. *Creasy*, 2 East, 92, 104. 1 Chit. Pl. (2d Am. ed.) 65.  *Morse* v. *Crawford*, 17 Vt. 499. *Cross* v. *Kent*, 32 Md. 581.  *Ward* v. *Conatser*, 4 Baxter, 64. *Bullock* v. *Babcock*, 3 Wend. 391, 393, 394.  *Behrens* v. *McKenzie*, 23 Iowa, 333, 343.  *Lancaster Bank* v. *Moore*, 78 Penn. St. 407, 412.  See also *Dickinson* v. *Barber*, 9 Mass. 225; *Brown* v. *Howe*, 9 Gray, 84, 85.

But this case does not require the affirmance of so broad a proposition.  This is not an action for a wrong done by the personal act or neglect of the lunatic, but for an injury suffered by reason of the defective condition of a place, not in the exclusive occupancy and control of a tenant, upon real estate of which the lunatic himself, and not his guardian, is the owner. *Harding* v. *Larned*, 4 Allen, 426.  *Harding* v. *Weld*, 128 Mass. 587, 591.  The owner of real estate is liable for such a defect, although not caused by his own neglect, but by that of persons acting in his behalf or under contract with him.  *Looney* v. *McLean*, 129 Mass. 33.  *Gorham* v. *Gross*, 125 Mass. 232.  *Bartlett* v. *Boston Gas Light Co.* 117 Mass. 533.  And there is no precedent and no reason for holding that a lunatic, having the benefits, is exempt from the responsibilities of ownership of real estate.  The ruling requested was therefore rightly refused.

*Exceptions overruled.*