JACOB M. PATTERSON v. BARCLAY LIPPINCOTT.

1. On a contract in writing made by a person in the name and behalf of his infant son, with his knowledge and consent, a suit cannot be maintained against the father on the contract.

2. An agent's liability, where the contract is made in the name of his principal, rests on the implied warranty of his authority to make it, and its breach.

3. It is not a breach of the implied warranty of authority to show that the principal is an infant, for the contract of an infant, in a purchase that may be for his benefit, is voidable and not void.

4. A party to a contract with an infant cannot disaffirm it, and sue a third person as principal, where the agency is disclosed at the time of making, alleging the infancy of the real principal. Infancy is a personal privilege which can only be set up by himself, or his personal representatives.

On *certiorari* to the Court of Common Pleas of Atlantic county.

Argued at June Term, 1885, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the prosecutor, *J. J. Crandall.*

For the defendant, *Slape & Stephany.*

The opinion of the court was delivered by

SCUDDER, J.   An action of debt was brought in the court for the trial of small causes by Jacob M. Patterson against Barclay Lippincott, to recover the balance, $75, claimed under a contract in writing for the sale of the exclusive right to use, manufacture and sell the plaintiff's patent "air-heating attachment," in Atlantic county, New Jersey. The writing was signed "Geo. P. Lippincott, per Barclay Lippincott," on the part of the purchaser. The state of demand avers that by virtue of this agreement the plaintiff did in due form convey said patent right to said George P. Lippincott, that said

George and Barclay, on request, have refused to pay said balance, and that, since payment became due, the plaintiff has found out and charges that said George is under the age of twenty-one years. He further avers that he never had any contract or negotiations with George, and that Barclay's warranty of authority to act for his minor son is broken, whereby an action has accrued to the plaintiff against the defendant.

The averment that the plaintiff never had any contract or negotiations with George, is not sustained by the proof, for the testimony of Joseph N. Risley, the agent who made the sale, which is the only evidence on this point that appears in the case, is, that the defendant told him he was going out of business and intended to transfer it to George; requested him to see George; he did so; talked with him; he looked at the patent; was satisfied with it, and talked with his father about buying it. The deed for the patent right in Atlantic county was drawn to George P. Lippincott. It is proved by the admission of the defendant, Barclay Lippincott, that at the time of such sale and transfer his son George was a minor. This admission is competent testimony in this suit against him.

A verdict of a jury was given for the plaintiff against the defendant in the court for the trial of small causes; and on the trial of the appeal in the Court of Common Pleas there was a judgment of nonsuit against the plaintiff. The reason for the nonsuit does not appear on the record, but the counsel have argued the cause before us on the case presented by the pleadings and proofs, the contention being here, as it was below, that the plaintiff could not aver and show the infancy of George P. Lippincott, and bring this action against Barclay Lippincott, as principal in the contract, in contradiction of its express terms.

On the face of the written agreement George P. Lippincott is the principal and Barclay Lippincott the agent. The suit on the contract should therefore be against the principal named, and not against the agent, unless there be some legal cause shown to change the responsibility. The cause assigned

by the plaintiff is the infancy of George at the time the agreement was made in his name by his father.   The authority on which he bases his right of action is *Bay* v. *Cook*, 2 *Zab.* 343, which follows and quotes *Mott* v. *Hicks*, 1 *Cow.* 536, to the effect that if a person undertakes to contract, as agent, for an individual or corporation, and contracts in a manner which is not legally binding upon his principal, he is personally responsible; and the agent, when sued on such contract, can exonerate himself from personal responsibility only by showing his authority to bind those for whom he has undertaken to act. *Bay* v. *Cook*, was an action against an overseer who had employed a physican to attend a sick pauper, without an order for relief under the provisions of the act concerning the poor. As his parol contract with the physician was entirely without authority to bind the townshp, it was said that he had only bound himself to pay for the services rendered at his request.

Later cases have held that an agent is not directly liable on an instrument he executes, without authority, in another's name; that the remedy in such case is not on the contract, but that he may be sued either for breach of warranty or for deceit, according to the facts of the case.   *Jenkins* v. *Hutchinson*, 13 *Q. B.* 744; *Lewis* v. *Nicholson*, 18 *Q. B.* 503; *Baltzer* v. *Nicolay*, 53 *N. Y.* 467; *White* v. *Madison*, 26 *N. Y.* 117, and many other cases collected in the notes in *Whart. on Agency*, §§ 524, 532, and notes to *Thomson* v. *Davenport*, 9 *B. & C.* 78, in 2 *Sm. Lead. Cas.* *358 (*Am. ed.*) Andrews, J., in *Baltzer* v. *Nicolay*, *supra*, says: "The ground and form of the agent's liability in such a case has been the subject of discussion, and there are conflicting decisions upon the point; but the later and better-considered opinion seems to be, that his liability, when the contract is made in the name of his princpal, rests upon an implied warranty of his authority to make it, and that the remedy is by an action for its breach."

Although the state of demand in the present case is uniformly drawn, there is in the last sentence a charge that the defendant's warranty of authority in pretending to act for said minor is broken, whereby an action has accrued. This alleged

breach of an implied warranty is founded on the assumption that the son could not confer any authority, during his minority, to his father to act for him in the purchase of this patent right. There are two answers to this position. The act of an infant in making such contract as this, which may be for his benefit in transacting business, either directly or through the agency of another, is voidable only, and not absolutely void, and therefore there is no breach of the implied warranty unless there be proof showing that the act of the agent was entirely without the infant's knowledge or consent. The mere fact of the infancy of the principal will not constitute such breach.

It was argued in *Whiting* v. *Dutch*, 14 *Mass.* 457, that a promissory note signed by Dutch for his partner, Green, who was a minor, was void as to Green, because he was not capable of communicating authority to Dutch to contract for him, and that, being void, it was not the subject of a subsequent ratification. But the court held that it was voidable only, and having been ratified by the minor after he came of age, it was good against him. See *Tyler on Inf.*, ch. *III.*, §§ 14, 18.

Another answer is, that the defence of infancy to this contract with the plaintiff can only be set up by the infant himself, or those who legally represent him. Infancy is a personal privilege of which no one can take advantage but himself. *Voorhees* v. *Wait*, 3 *Gr.* 343; *Tyler on Inf.*, ch. *IV.*, § 19; *Bingham on Inf.* 49.

In this case the plaintiff seeks to disaffirm the infant's contract with him, in his own behalf, and sue a third party on the contract, whose authority to bind him the infant has not denied. The privilege of affirming or disaffirming the contract belongs to the infant alone, and the plaintiff cannot exercise it for him. The mere refusal to pay, charged in the demand and proved, is not a denial of the defendant's authority to bind the infant, for it may be based on the failure of consideration, the invalidity of the patent, fraudulent representations or other causes.

The judgment of nonsuit entered in the Court of Common Pleas will be affirmed.