ANDREW F. BLOOMER, APPELLEE, v. LUCIAN C. NOLAN ET AL., APPELLANTS.

FILED JANUARY 3, 1893.    No. 4455.

1. Contract of Infant: DISAFFIRMANCE: CONDITIONS OF GRANTING RELIEF.    One who seeks to disaffirm a contract on the ground that he was an infant at the time of its execution is required to return so much of the consideration received by him as remains in his possession at the time of such election, but is not required to return an equivalent for such part thereof as may have been disposed of by him during his minority.

2. ———: MECHANICS' LIEN ON PROPERTY OF INFANT.   The property of an infant is not subject to a mechanic's lien for material purchased by him during his infancy, nor will he be held to have ratified the contract so as to entitle the material-man to a.

lien thereon by retaining the property after he attains his majority.

3. ——— : ——— : DECREE : SUFFICIENCY OF EVIDENCE. Evidence examined, and *held* not sufficient to sustain the decree of the district court allowing a mechanic's lien in favor of the plaintiff.

APPEAL from the district court of York county. Heard below before SMITH, J.

*Sedgwick & Power,* for appellants.

*George B. France, contra.*

POST, J.

This was an action in the district court of York county to foreclose a mechanic's lien. Decree was entered in favor of the plaintiff in accordance with the prayer of his petition, from which the defendants have appealed. In his petition the plaintiff alleges that on or about the 18th day of August, 1886, he entered into a verbal contract with the defendants, by virtue of which he was to furnish them building material for the erection of a dwelling house upon premises owned by them, to-wit, a quarter section of land in said county, and that in pursuance of said contract he furnished to defendants, between the date last named and the 17th day of September, 1886, building material to the amount and of the value of $224.98. It also appears from the petition that an itemized statement of the account, duly verified, was filed with the county clerk within four months from the time of furnishing of said material. The defendants filed separate answers, that of Mosher being a general denial, while Nolan, in addition to a general denial, alleges that at and during all the times mentioned in the petition he was a minor under twenty-one years of age. The reply to the answer of Nolan is a general denial. The ground of the judgment against the last named defendant is not clear from the record. It is

true that he purchased the material, as alleged by the plaintiff, but it is clear from the undisputed evidence that he was at the time a minor, but nineteen years of age. There is no foundation for the contention that he has ratified the contract since attaining his majority, first, because that question is not put in issue by the pleadings, and second, because there is no sufficient evidence to support such a contention. There is no evidence whatever of an express ratification, neither will a ratification be inferred from the retention of the property by him. The rule is well settled that one who seeks to avoid a contract on the ground of infancy will be required to make restitution of so much of the consideration only as is retained by him when he attains his majority, or when he elects to disaffirm. (*Green v. Green*, 69 N. Y., 553; *Jenkins v. Jenkins*, 12 Ia., 195; *Burgett v. Barrick*, 25 Kan, 527; *Bartlett v. Drake*, 100 Mass., 174; *Reynolds v. McCurry*, 100 Ill., 356; *Craig v. Van Bebber*, 100 Mo., 584; *Price v. Furman*, 27 Vt., 268; Tyler, Infancy [2d ed.], 37.) The law which is designed to protect the young and inexperienced would be ineffectual for that purpose if an infant was required, as a condition to relief, to return an equivalent for property wasted or squandered. It is clear also from the evidence in the record that Nolan had no interest in the property at the time he attained his majority and was incapable of making restitution. But the rule which requires restitution has no application to cases like the one under consideration. "There can be no mechanic's lien upon the land of a minor, for he can make no contract which is binding upon himself or property. The lien is incident only to a legal liability to pay a debt. It is immaterial that the minor represented himself to be of age. Even if there be a contract for erecting buildings upon a minor's property with his guardian, no lien is conferred, if the guardian had no authority in law to make the contract. Of course a minor may ratify a contract made

during his minority out of which liens might arise. But such ratification cannot be implied from his retaining his property and collecting rents from it. The ratification must be an intentional acknowledgment of the obligation of the contract." (Jones, Liens, sec. 1239). The infancy of Nolan is a complete defense and the judgment against him cannot be sustained.

It remains to be determined whether the judgment against Mosher and the decree of foreclosure against the premises described is sustained by the evidence. From the testimony of the plaintiff it appears that the contract under which he furnished the lumber was made with Nolan on the 30th day of July, 1886, and a considerable part thereof furnished prior to August 28 following. On the last named day Mosher, who then owned the land, conveyed it by deed to Nolan who, on the same day, mortgaged it to the New Hampshire Banking Company for $1,200, and immediately reconveyed to Mosher, in whom the record title has remained. In plaintiff's direct examination he does not mention Mosher's name in connection with the contract, except to state that he was informed by Nolan that the lumber was to build a house on the Ed. Mosher place. On cross-examination he is asked:

Q. You had nothing to do with Mr. Mosher about this contract, did you?

A. I made no contract with him personally; no, sir.

Q. Did Mr. Mosher ever have any talk with you in regard to furnishing the lumber bill?

A. No, sir.

Q. Did you charge the lumber to Mr. Mosher?

A. It isn't charged to Mr. Mosher.

Q. Did you charge it to Mosher on your books?

A. No, sir.

It is also apparent from his cross-examination that the first written charge against Mosher was at the time of the filing of the lien.

Mosher testifies in his own behalf that he did not authorize the purchase of the lumber by Nolan, and had no knowledge of its having been used on the premises until after the completion of the building.   It appears that his home was in the city of York, and according to his testimony he did not visit the premises between the time the lumber was procured by Nolan and the following spring. The execution of the two deeds and the mortgage on August 28 is explained by him thus: He had agreed to trade the quarter section in question to Nolan for an eighty-acre tract owned by the latter, and an additional consideration which does not clearly appear from the record.   The conveyance was made to enable Nolan to raise the money by mortgaging to the New Hampshire Banking Company, for which Mosher was agent.   The money received as the proceeds of the mortgage was paid to Mosher, who executed a bond for a deed in favor of Nolan, who had already gone into possession, and who continued in possession of the premises until October 17, 1888, on which day he executed a deed therefor to Mosher.   The last named deed purports to convey the property, subject to the mortgage in favor of the New Hampshire Banking Company, and contains the following recital: "All mechanics' liens appearing of record against said premises are invalid and illegal."   According to the testimony of Mosher it was executed in consequence of the fact having come to his knowledge that Nolan was a minor at the time of the execution of the first conveyance by him.   To entitle a material-man to recover under the provisions of section 1 of the mechanics' lien law, it is just as essential for him to prove a contract or agreement, express or implied, with the owner or his agent as it is to prove the furnishing of the material claimed for or the filing of the verified account thereof with the register of deeds. (Jones, Liens, 1235, 1236.)   It is suggested that the decree for plaintiff may be sustained on the ground that Nolan was acting as the agent of Mosher in the

purchase of the lumber.   That contention, however, has no
foundation in the record, for the evidence clearly proves
that Mosher not only did not authorize the purchase of
the lumber, but was ignorant of the building of the house
until long after its completion.   We are satisfied, after a
careful examination of the record, that the plaintiff is not
entitled to a lien, and the decree of the district court should
be reversed and the action dismissed.

REVERSED AND DISMISSED.

THE other judges concur.