### McCABE v. O'CONNOR et al.

(Supreme Court, Appellate Division, Third Department. April 14. 1896.)

1. NEGLIGENCE—DANGEROUS PREMISES—LIABILITY OF INFANT.
    Where an infant maintains a dangerous wall on premises owned and occupied by him, he is liable for the damages caused by the falling of the wall on adjoining premises, though he was under control of a general guardian. Herrick and Putnam, JJ., dissenting.

2. SAME—NOTICE.
    In such case where notice is shown to a co-tenant in possession it is not necessary also to show notice to the infant or his guardian. ·

8. APPEAL—REVIEW—SUFFICIENCY OF EVIDENCE.

　　On appeal on the judgment roll, where the record does not show the evidence, to justify a reversal it must appear that in no view of the facts found should judgment have been rendered against appellant.

Appeal from judgment on report of referee.

Action by Charles McCabe to recover damages caused by the falling of a wall on premises belonging to Sarah J. O'Connor and others. There was judgment for plaintiff, and defendants appeal. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

Henry J. McCormick and James B. Egan, for appellants.

Marcus L. Akin, for respondent.

MERWIN, J. The record in this case does not contain the evidence. The appeal is heard on the judgment roll. In such a case it is incumbent on the appellants to show that the trial court could not, in any view of the facts found, properly order a judgment for the respondent. Insurance Co. v. Barnard, 96 N. Y. 525. The appellants are four in number, three of whom are now infants, and the other one was an infant at the time of the injuries complained of. It is found by the referee as matter of fact: That on the 15th day of September, 1890, John O'Connor, their father, was appointed general guardian of their persons and property, and duly qualified, and immediately entered upon his duties as such, and has so continued as to those not of age up to the present time. "That all of said infants lived with their father and general guardian on the premises mentioned in plaintiff's complaint, on which the wall in question was erected, at the time said wall fell, and for several years previous thereto." "Third. That during the year 1891, and for several years previous, defendant John H. Malone lived on said premises mentioned in said complaint, occupied by the infant defendants. Fourth. That during the year 1890, and for some time prior thereto, the plaintiff owned the premises described in the complaint, situated on the east side of Congress street, in the Fifth ward of the city of Troy, N. Y. Fifth. That at the time, and for more than three years prior to the commencement of this action, the defendants were the owners of a stone wall and the premises on which it stood, to wit, lots Nos. 186, 187, 188, 189, and 192, adjoining plaintiff's property on the east, as described in the complaint. Sixth. That on the 25th day of March, 1891, said wall fell on plaintiff's property. Seventh. That said wall was defective, and fell, through the carelessness and negligence of the defendants. Eighth. That about five months before said wall fell, the defendant John H. Malone was notified personally of its defect. Ninth. That by reason of defendants' negligence and the falling of the wall as aforesaid plaintiff was damaged to the amount of two hundred dollars." As matter of law the referee found that the plaintiff was entitled to judgment against the defendants for damages in the sum of $200, with interest from the commencement of the action and costs. The claim of the appel-

lants is that, as they were infants, and had a general guardian, at the time of the injury, they are not chargeable with negligence, and are not responsible for the injury.

In 2 Kent, Comm. 241, it is said:

"Infants are liable in actions arising ex delicto, whether founded on positive wrongs, as trespass or assault, or constructive torts, or frauds."

In Cooley, Torts (2d Ed.) 122, it is said:

"An infant, as the owner or occupant of lands, is under the same responsibility with other persons for any nuisance created or continued thereon to the prejudice or annoyance of his neighbors, and for such negligent use or management of the same by himself or his servants as would render any other owner or occupant liable to an adjoining proprietor. Here, also, the intent is immaterial. The wrong consists in the fact that enjoyment of one's own property or rights is diminished or destroyed by an improper use or unreasonable use or misuse of the property of another."

Morain v. Devlin, 132 Mass. 87, was an action in tort for personal injuries occasioned to the plaintiff by the defective condition of a building owned by the defendant, who was a lunatic, and of whom a guardian had been appointed, who at the time of the injury had the care and management of all her property. It was held that the defendant was liable, and it was said:

"This is not an action for a wrong done by the personal act or neglect of the lunatic, but for an injury suffered by reason of the defective condition of a place, not in the exclusive occupancy and control of a tenant, upon real estate of which the lunatic himself, and not his guardian, is the owner. Harding v. Larned, 4 Allen, 426; Harding v. Weld, 128 Mass. 587, 591. The owner of real estate is liable for such a defect, although not caused by his own neglect, but by that of persons acting in his behalf, or under contract with him. Looney v. McLean, 129 Mass. 33; Gorham v. Gross, 125 Mass. 232; Bartlett v. Light Co., 117 Mass. 533. And there is no precedent and no reason for holding that a lunatic, having the benefits, is exempt from the responsibilities of ownership of real estate."

The same doctrine is asserted in 16 Am. & Eng. Enc. Law, 409. This doctrine would apply as well to infants as to lunatics. The general rule is that a person must so use his property as not to injure that of his neighbor. Moak, Underh. Torts, 229. In Vincett v. Cook, 4 Hun, 318, it was held that failure on the part of the owner of a building to keep it in a safe condition, and resulting damages, throw upon the owner the burden of showing that the building was safe so far as diligent examination would show. The same view was taken in Mullen v. St. John, 57 N. Y. 567. These cases related to the walls of a building, but there is no good reason apparent why the principle should not apply to a case like the present, where the wall was entirely on defendant's land, and was about 20 feet high, as appears from the complaint and answer. Nor is it clear that an owner in such a situation should be relieved of liability by saying that he is an infant, and has a general guardian whose duty it was to keep the premises safe, but failed to do his duty. Negligence is found here as a matter of fact. What the proofs were we cannot say, as the evidence is not here. It may have been shown that negligence was based on their personal acts. It was found that they occupied the property. If occupants, clearly they might, under prop-

er proofs, be charged with negligence. 2 Add. Torts, 1126; Schouler, Dom. Rel. (2d Ed.) 564. We cannot reverse if, in any view of the facts found, the judgment was proper.

But it is said that no notice to the appellants was found. If there was no failure of duty until notice, then the finding of negligence presupposes the existence of such notice or knowledge as would be requisite to call upon the owner to act, and involves a finding to that effect. Notice is found to a co-tenant in occupation. If the infants were to be deemed occupiers, it would not follow, as a matter of course, that they would be entitled to notice. The appellants have not, I think, shown that in any view of the facts found the judgment was not proper. It should therefore be affirmed. Judgment affirmed, with costs.

PARKER, P. J., and LANDON, J., concur.

HERRICK, J. (dissenting). I am unable to concur in the opinion of Justice MERWIN in this case. Negligence is a violation of, or omission to perform, some duty. There can be no duty unless there is a power to fulfill it. The guardian has absolute control of the lands and property of his ward. By statute it is the duty of the guardian not to "make or suffer any waste, sale, or destruction of such things or of such inheritance, but shall keep and sustain the houses, gardens, and other appurtenances to the lands of his ward, by and with the issues and profits thereof, or with such other moneys belonging to his ward as shall be in his hands." 2 Rev. St. 153, § 20 (Birdseye Ed. p. 1292, § 44); 2 Kent, Comm. 228. The guardian can lease the land of his ward until he attains the age of 21 years, and may maintain an action of trespass or ejectment. Thacher v. Henderson, 63 Barb. 271. The guardian having entire control of their property, the infants in this case were not in a position to either remove the wall in question or to repair and maintain it in a safe condition.

Again, negligence is actual or implied. There can be no actual or personal negligence charged on the part of the infant defendants, because they had no legal or actual control over the property in question. The negligence of their guardian cannot be implied or imputed to them, as in the case where the principal is held responsible for the acts of his agent, or the employer for the negligence of his employés. That proceeds upon the theory that the superior is responsible for the action of the inferior. In the case of guardian and ward, the superior authority is that of the guardian, and the negligence of the superior is that of the guardian, and the negligence of the superior cannot be implied or attributed to the inferior. The ward does not direct or control the guardian, but the guardian the ward. In the absence of any finding of actual or personal negligence on the part of the infants, I do not think the judgment of negligence can be sustained against them. The case of Morain v. Devlin, 132 Mass. 87, does not seem to me entirely a parallel one. The interest of a committee of a lunatic in the property of the latter is different from

that of a guardian in the estate of a ward. A committee of a lunatic is held to be a mere bailiff or agent to take care of and administer the property of the lunatic (In re Strasburger, 132 N. Y. 128, 30 N. E. 379; People v. Tax Com'rs, 100 N. Y. 215, 3 N. E. 85); while, as we.have seen, a guardian has the possession, custody, and control of his ward's land.

PUTNAM, J., concurs.