COVAULT, Respondent, vs. NEVITT, by guardian *ad litem*, Appellant.

*March 16—May 1, 1914.*

*Infants: Liability for torts of employees: Contracts: Validity: Necessaries.*

1. An infant owner of property is not liable *respondeat superior* for the negligent act of a person in his employment and in charge of the property, where the infant in no way personally participated in such act.
2. An infant cannot make a valid contract appointing an agent or employing a servant.
3. A contract under which a person was employed by an infant as janitor to care for the infant's store building was not a contract for necessaries under which a liability could be enforced not for the benefit of the infant.

APPEAL from an order of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

Action against an infant to recover for negligence of servant. The complaint, among other things, alleges that the defendant, an infant, owned real estate on a public street in the city of Oshkosh upon which there was a store building abutting on the street; that the defendant maintained trap doors in the sidewalk opposite said premises; that defendant had in his employ one Powers, who was janitor of said store building and who used the trap doors as means of ingress and egress from the basement of the building; that on November 16, 1912, said servant, while performing his duties as janitor, negligently raised and opened said trap doors; "that said servant failed and neglected to give any warning or notice of the intended raising and opening of said trap doors as aforesaid to possible pedestrians who might be lawfully walking along said public sidewalk at said time;" that "wholly because of the negligent manner of raising and opening the trap doors aforesaid, by defendant's servant, as hereinbefore set forth, plaintiff was tripped, causing her to fall against the sidewalk with great force and violence."

The defendant demurred to the complaint for the reason that it appeared upon the face thereof that it did not state facts sufficient to constitute a cause of action. The court below overruled the demurrer with leave to the defendant to answer upon payment of $10 costs. The defendant appealed from the order overruling the demurrer.

The cause was argued on December 9, 1913:

For the appellant there was a brief by *Thompson, Thompson & Jackson,* and oral argument by *Carl D. Jackson.*

For the respondent the cause was submitted on the brief of *Earl P. Finch* and *Frederic J. Eaton.*

Further briefs were ordered by the court and were filed on March 16, 1914. The following opinion was filed May 1, 1914:

KERWIN, J. The question presented is whether an infant owner of property is liable *respondeat superior* for the negligent act of a person in the employment of the infant and in charge of such property where the infant in no way personally participated in such act. The contention of counsel for appellant is that he is not liable, for the reason that he cannot appoint an agent, and that while he may be held for torts committed by himself he is not liable for the torts of one acting for him in his absence and without his direction or consent.

On the part of the respondent it is insisted that the defendant is liable upon the ground that the party who committed the tort was in the discharge of a lawful duty for the defendant, in the course of which he committed the tort, therefore the defendant is liable. It is true that an infant may be liable for his personal torts. But it seems to be well settled that an infant cannot be made liable for the torts of one acting for him, because he has no power to appoint an agent or servant and thereby create the relation of master and servant. The liability of a master for the torts of his servant rests on

contract existing between master and servant, and an infant having no power to contract cannot be held for the torts of the servant. 1 Cooley, Torts (3d ed.) 188; 22 Cyc. 514, 620; 16 Am. & Eng. Ency. of Law (2d ed.) 308; Reeves, Dom. Rel. (3d ed.) 519; 26 Cyc. 968; *Burns v. Smith,* 29 Ind. App. 181, 64 N. E. 94; *Cunningham v. Ill. Cent. R. Co.* 77 Ill. 178; *Sikes v. Johnson,* 16 Mass. 389; *Schenk v. Strong,* 4 N. J. Law, 87; *Lowery v. Cate,* 108 Tenn. 54, 64 S. W. 1068; *Hampel v. D., G. R. & W. R. Co.* 138 Mich. 1, 100 N. W. 1002; *Smith v. Kron,* 96 N. C. 392, 2 S. E. 533; *Prescott v. Norris,* 32 N. H. 101; Roberts, Wallace & Graham, Duty and Liability of Employers, pp. 60, 67; Wood, Mast. & Serv. (2d ed.) secs. 4–6; *Burnham v. Seaverns,* 101 Mass. 360; *Armitage v. Widoe,* 36 Mich. 124; *Holden v. Curry,* 85 Wis. 504, 55 N. W. 965.

Cooley states the rule concisely thus:

"As the doctrine *respondeat superior* rests upon the relation of master and servant, which depends upon contract, actual or implied, it is obvious that it can have no application in the case of an infant employer, and he, therefore, is not responsible for torts of negligence by those in his service. Nor can he be made a trespasser by relation through the ratification of a wrongful act which another has assumed to do on his behalf, but without his knowledge." Cooley, Torts (3d ed.) 188.

In order to create a liability here there must not only be a valid contract between defendant and the janitor, but the acts of the janitor must be in the line of his employment under the contract. The doctrine of *respondeat superior* rests upon the performance of duty in the course of employment, and such duty rests upon contract. *Kumba v. Gilham,* 103 Wis. 312, 79 N. W. 325. In order to make one liable for the tort of another the relation of master and servant must exist. *King v. N. Y. C. & H. R. R. Co.* 66 N. Y. 181; *Burns v. Smith,* 29 Ind. App. 181, 64 N. E. 94. The general rule is that, "Since an infant cannot create an agency or

appoint a servant, and therefore cannot delegate powers to another, he cannot guarantee or insure the fidelity, care, or skill of such other." 22 Cyc. 620, and cases cited.

It is clear that in the instant case the alleged contract could only be sustained, if at all, upon the ground that it was a contract for necessaries; and it is equally clear that such a contract is not a contract for necessaries. 22 Cyc. 584, 585; Hollingsworth, Contracts, p. 31; 16 Am. & Eng. Ency. of Law (2d ed.) 276.

The general rule respecting necessaries is that they must be such as to supply the personal needs of the infant. *Tupper v. Cadwell,* 12 Met. 559, 562. Manifestly the contract in this case is not a contract for necessaries under which a liability could be enforced not for the benefit of the infant. It has been held that repairs or improvements of a minor's real estate under certain circumstances are not necessaries for which the minor can be held liable. 22 Cyc. 595; *Tupper v. Cadwell, supra; Price v. Sanders,* 60 Ind. 310. And it has been held that a materialman furnishing material to a minor for use in a building can have no lien therefor. *Hall v. Kjer,* 47 N. J. Law, 340; *McCarty v. Carter,* 49 Ill. 53; *Wornock v. Loar,* 11 Ky. Law Rep. 6, 11 S. W. 438; *Bloomer v. Nolan,* 36 Neb. 51, 53 N. W. 1039; 2 Jones, Liens (2d ed.) § 1239. By citing the foregoing cases we do not approve them in every particular, nor do we pass upon the question whether a lien would exist under any circumstances, but cite the cases as showing to what extent courts have gone upon the subject.

Even if the alleged contract of janitorship in question were executed it would not be binding on the minor if he were not benefited by it, and if benefited only to the extent of the benefit. 22 Cyc. 583; *Ryan v. Smith,* 165 Mass. 303, 43 N. E. 109.

If the alleged contract were voidable it could be repudiated at any time before the defendant arrived at the age of twenty-

one years.   It is clear from all the authorities that upon the
allegations of the complaint the alleged contract between
Powers, the janitor, and defendant could not render defend-
ant liable for the tort of Powers.   The defendant had no
connection with the alleged tort committed by Powers; had
no knowledge of it until after it was committed; neither cre-
ated nor maintained any nuisance upon the property which
in any way contributed to the injury.   Upon the facts ad-
mitted by the demurrer the acts complained of are solely the
acts of the janitor, hence no liability is shown against the
defendant.  Beven, Workmen's Compensation (4th ed.)
pp. 281, 282, and cases cited.   The cause of action set up in
the complaint is the alleged negligence of Powers, the janitor.
The liability of the defendant, as claimed by plaintiff, rests
upon the doctrine of *respondeat superior,* and, as we have
seen, no liability exists upon that ground.   That an infant
may be held on a contract for necessaries received by him to
the extent of the benefits, and that some contracts of an in-
fant are voidable and not absolutely void, and that infants
are liable for torts committed by them personally, may be
conceded, and authorities upon these propositions need not be
discussed.

The question here is whether a valid contract creating the
relation of master and servant between the infant and his
alleged servant can be made.   We think it clear that it can-
not.   True, as held in *McCabe v. O'Connor,* 4 App. Div. 354,
38 N. Y. Supp. 572, cited by respondent, an infant may be
held liable for maintaining a nuisance upon his property, for
that is his personal tort.   Other cases are cited by respond-
ent which involve the question of personal torts by the infant.
But in the case at bar the complaint is specifically grounded
upon the tort of Powers as servant of the defendant.

It is contended by respondent that an infant may appoint
an agent to do an act which is clearly to his advantage, citing
Story, Agency, § 6; Mechem, Agency, § 54; and Ewell's

Evans, Principal & Agent, p. 13.     The rule of these authorities is based upon cases of benefits received by the infant and the necessities of the case.     Story on Agency, § 6, lays down the doctrine that infants are incapable of either wholly or partially appointing an agent, and that an infant cannot authorize one to do an act which is to his prejudice.     Ewell's Evans on Principal & Agent, pages 12, 13, and 14, refers to the rule laid down by Story and also to the "Infants' Relief Act, 1874," 37 & 38 Vict. c. 62.

It has been held that an infant might appoint an agent to do an act unquestionably to his advantage—as to receive seisin of an estate conveyed to him.     The reason of the rule is based upon the advantage received and the necessities of the case.     Suppose an infant should appoint an agent to purchase necessaries and the agent should purchase and convert them to his own use; could the infant be held liable for the purchase price?     Or suppose the agent agreed to pay double what the articles purchased were worth; could the infant be compelled to pay the agreed price?     We think not.

It is argued that in any event the contract between Powers and the defendant is voidable only and not void.     On this proposition *Patterson v. Lippincott,* 47 N. J. Law, 457, 1 Atl. 506; Mechem, Agency, § 54; 22 Cyc. 583; and *Jones v. Valentines' School,* 122 Wis. 318, 99 N. W. 1043, are relied upon.     But these authorities go to the extent of holding that the contract will be enforced only to the extent of the benefits received by the infant, and that a voidable contract may be ratified by the infant after becoming of age.     They are merely in line with the general rule, and do not hold or intimate that an infant can be held for a tort committed by one acting for him.

*Patterson v. Lippincott, supra,* is to the effect that a contract for the infant's benefit is voidable, and may be ratified after becoming of age, and that the defense of infancy is a personal privilege.     *Jones v. Valentines' School, supra,* holds

that an infant is bound by implied contract to pay reasonably for necessaries furnished him, but is not liable upon executory contracts to furnish them, nor upon express contract, but that such an executory contract is voidable and not absolutely void, and when repudiated by the infant he must, so far as he reasonably can, make or offer to make restitution. But it has been held that the contract of an infant may be avoided by him without making restitution where restitution is impossible. 22 Cyc. 613. It has also been held that the avoidance of a voidable contract by a minor makes the contract void *ab initio,* as though no contract had ever existed. *Vent v. Osgood,* 19 Pick. 572; *Rice v. Boyer,* 108 Ind. 472, 9 N. E. 420; *Mustard v. Wohlford's Heirs,* 15 Gratt. 329.

In 22 Cyc. at page 514 the general rule is stated that an infant cannot appoint an agent and that such act is absolutely void, but it is said that such act may be voidable, and the case of appointment of an agent to sell a note is cited, where it is held that the infant may, on coming of age, ratify or disaffirm the act. At page 593 the general rule is stated that contracts of infants may be voidable, subject to being disaffirmed or affirmed at majority. The theory of voidable contracts of infants is that they may be sustained for the advantage of the minor, but that they cannot be enforced during infancy if not beneficial to the infant, and if beneficial they can be enforced only to the extent that they are beneficial. And so jealous is the law of the rights of infants, that where a tort is committed by an infant growing out of a contract the infant is not liable if the basis of the cause of action be contract. 22 Cyc. 621; *Lowery v. Cate,* 108 Tenn. 54, 64 S. W. 1068; *Schenk v. Strong,* 4 N. J. Law, 87; *Prescott v. Norris,* 32 N. H. 101; *Sikes v. Johnson,* 16 Mass. 389; *Collins v. Gifford,* 203 N. Y. 465, 96 N. E. 721.

Counsel for respondent cites us to Labatt on Master and Servant, where the idea is advanced that an infant ought to

be held liable for the acts of his servant in the course of his employment.    Vol. 1 (2d ed.), p. 379.    The learned author, however, cites no authority to support the position and admits that there is a singular dearth of judicial authority respecting the points.    He does not attempt to meet the elementary doctrine that the relation of master and servant does not exist between an infant and his servant.    Nor does he refer to the universal doctrine that infants can be held on voidable contracts only to the extent of the benefits received.    All we have is the statement of the learned author, which indeed, standing alone, is entitled to great respect, but we do not feel that it can outweigh principle and authority against it. Mr. Labatt, however, frankly admits the authorities are not with him and does not take a decided position, but suggests an argument on the point.

The cases cited by counsel for respondent where the personal tort of the infant was the basis of the cause of action rest upon a different principle.    Infants are, of course, liable for their personal torts, but here, upon the allegations of the complaint, the cause of action rests upon the doctrine of *respondeat superior,* therefore the complaint states no cause of action.

*By the Court.*—The order appealed from is reversed, and the cause remanded with instructions to sustain the demurrer, and for further proceedings according to law.

SIEBECKER, J., took no part.