EDWARD FILIP *v.* CESARIE GAGNE.

EDWARD FILIP *v.* M. CLAIRE GAGNE, *Conservator of the estate of Cesarie Gagne.*

Argued December 5, 1961.

Decided January 29, 1962.

*Broderick, Manning & Sullivan (Mr. Manning* orally), for the plaintiff.

*Osgood & Osgood, Craig & Craig* and *Arthur J. Costakis (Mr. Costakis* orally), for the defendants.

KENISON, C. J. The issues in this case are whether a plaintiff negligently injured by defective premises owned by a person under conservatorship may seek recovery against the conservator, or the ward and satisfy any judgment recovered out of the ward's estate.

There is a scarcity of authority in this field and the decisions are in conflict. Prosser, Torts (2d *ed.* 1955) 792-793; Annot. 40 A.L.R. 2d 1103; 2 Harper & James, Law of Torts, s. 26.12, *p.* 1412, second par. of footnote 11 (1956).

In this state a conservator may be appointed for the estate of a person who is either mentally or physically disabled upon his application to the probate court. A conservatorship differs from a guardianship in that it is voluntary rather than involuntary, is limited to the estate of the ward, and it is not necessary that the ward be mentally incompetent in order for a conservator to be appointed. *Crawford* v. *Widett*, 100 N. H. 115; *Morse* v. *Trentini*, 100 N. H. 153; N. Y. Law Revision Commission Report (1953) 601; Annot. 113 A.L.R. 354. Our statute reads as follows: "RSA 464:17 APPOINTMENT FOR PERSONS INCAPABLE OF MANAGING OWN AFFAIRS. Whenever any person shall deem himself unfitted by reason of infirmities of age, or by other mental or physical disability, for the management of his affairs with prudence and understanding, he may apply to the probate court for the appointment of a conservator of his property, and thereupon the judge of probate may, without notice or public hearing, appoint some suitable person as a conservator for him." RSA 464:18 further provides that a conservator shall "be subject to all provisions of law now in force as to guardians, so far as they apply to estates of their wards."

The first question is whether the conservator is personally liable for any defective condition of the premises due to her negligence. The conservator has a duty to preserve, protect and maintain the ward's estate. RSA 462:4; Restatement (Second), Trusts s. 176; *Yeaton* v. *Skillings*, 103 N. H. 352. In the present case this duty would necessarily include the obligation to make the tenement produce income by renting it since the ward would not have that authority while under conservatorship. *Normandin* v. *Kimball*, 92 N. H. 62; RSA 462:27. It was likewise the duty of the conservator after creating the relationship of landlord and tenant to exercise care that persons should not be injured by a defective condition of the rented premises. See *Proal* v. *Camaan*, 87 N. H. 389; Restatement (Second), Agency s. 355, *comment* a; Restatement, Torts, s. 387. There appears to be no reason or policy which would justify immunity of conservators from liability for their own negligence in maintaining the estate of their wards. Consequently, the answer to the first question is, yes, that the conservator is liable to the plaintiff if he was injured by any defective condition of the

premises which was due to the conservator's negligence. See *Newton* v. *Nutt*, 58 N. H. 599, 601; *Stevens* v. *Meserve*, 73 N. H. 293, 297; *Gobrecht* v. *Beckwith*, 82 N. H. 415; Restatement, Torts, *s.* 383.

We next consider whether the ward may be liable to the plaintiff for any damages he may suffer as a result of the injury due to the defective condition of the premises owned by the ward. While the authorities are in conflict the third question is answered in the affirmative. It has long been the rule in this state and generally elsewhere that an incompetent person is liable for compensatory damages for his torts. *Jewell* v. *Colby*, 66 N. H. 399. In *Morain* v. *Devlin*, 132 Mass. 87, it was held that an incompetent person under guardianship was responsible for injuries caused by the defective condition of his property, the court stating that if the incompetent was to have the benefits he should not be exempt from the responsibilities of the ownership of real estate. This appears to be the better view. Prosser, Torts (2d *ed.* 1955) *p.* 792. If an infirm or incompetent person manages his own affairs, he is not shielded from liability and there would appear to be no reason why he should be shielded if his enterprise is on a larger scale so as to require management by a guardian or a conservator. See 2 Harper & James, Torts, *p.* 1412 (1956).

When the Restatement of Torts was first published in 1934 there was an exception made to the standard of a reasonable man for insane persons and a caveat which read as follows: "The Institute expresses no opinion as to whether insane persons are required to conform to the standard of behaviour which society demands of sane persons for the protection of the interests of others." Restatement, Torts, *s.* 283 at *p.* 744. In the 1948 supplement this exception and the caveat were stricken out. In 1959 the rule was stated as follows: "Unless the actor is a child, his insanity or other mental deficiency does not excuse conduct which does not conform to the standard of a reasonable man under like circumstances." Restatement (Second), Torts (tentative draft No. 4 (1959)) *s.* 283B. One of the reasons for this change is that it is as just to compensate innocent victims as it is to allow mental incompetents to be shielded from tort liability. If a mental incompetent can be held responsible for an intentional assault (*McGuire* v. *Almy*, 297 Mass. 323) there is little reason to excuse a person under conservatorship from liability for negligence, and such is the trend and better view of the law today. Restatement (Second), Torts (tentative draft No. 4 (1959)) *s.* 283B, note and cases

18

cited *pp.* 23-24; 2 Harper & James, Law of Torts, *s.* 26.12, *p.* 1412, second par. of footnote 11 (1956). The fourth question is answered in the negative.

Whether the ward's estate should be chargeable for torts committed by a conservator in the administration of the ward's estate is not free from difficulty. However, the modern tendency is to make a trust estate responsible for torts committed by the trustee in the administration of the trust. 3 Scott, Trusts (2d *ed.* 1956) *s.* 271A.2. While it is true that the title to the real estate is in the ward rather than the conservator, for all practical purposes the conservator is in a position of a trustee, is in actual control of the estate and it should be answerable for the neglect of the conservator in the performance of his fiduciary duties. *Yeaton* v. *Skillings,* 103 N. H. 352. See Bogert, Trusts & Trustees (2d *ed.* 1960) *s.* 732, *p.* 542; Restatement (Second), Trusts *s.* 271A, *comment* c. The second question is answered in the affirmative.

*Remanded.*

All concurred.