MAURICE F. WILLIAMS v. ROBERT M. WOOD.[1]

May 27, 1895.

Nos. 9351—(150).

Replevin—Damages for Detention.

In an action for claim and delivery, where the subject-matter of the action has a usable value, the reasonable value of the use of it during the time of its wrongful detention may be properly shown and considered in the assessment of the damages for such detention, if properly pleaded.

Evidence.

Evidence considered, and *held* to support the verdict.

Appeal by plaintiff from an order of the district court for Clay county, Searle, J., denying a motion for a new trial. Affirmed.

*John E. Greene* and *George E. Perley*, for appellant.

*C. A. Nye*, for respondent.

START, C. J. This is an action of claim and delivery to recover from the defendant the possession of a threshing machine, engine, and appliances. Possession thereof was delivered to the plaintiff pending the action. The defendant, by his answer, denied plaintiff's possession, alleged title and right to possession in himself, and asserted a claim for special damages for the detention of the property pending the action. Trial and verdict for the defendant, and from an order denying his motion for a new trial plaintiff appealed to this court, which affirmed the defendant's title, but remanded the case to the district court for an assessment of the defendant's damages for the detention. Williams v. Wood, 55 Minn. 323, 56 N. W. 1066. The damages were assessed by a jury in the sum of $500, and from an order denying his motion for a new trial the plaintiff brings this his second appeal.

The appellant's eleven assignments of error present two questions: (1) Was the correct measure of damages adopted by the court in receiving the evidence and instructing the jury? (2) Is the verdict sustained by the evidence? Both the questions are answered in the affirmative.

[1] Reported in 63 N. W. 492.

The court did not permit evidence of loss of profits which the respondent might have made with the threshing outfit if he had not been deprived of its use, or submit such loss of profits as the measure of damages to the jury, as claimed by appellant. On the contrary, it limited the damages to the reasonable value of the use of the property during the time in question, and instructed the jury that the measure of respondent's damages was the reasonable value of the use of the property; and, further, that any profits which the respondent might have made from the performance of particular contracts, if he had not been deprived of the use of the machine, could not be recovered. This was correct, for in an action for claim and delivery, where the subject-matter of the action has a usable value, the reasonable value of the use of it during the time of its wrongful detention may be properly shown and considered in the assessment of the damages. Sherman v. Clark, 24 Minn. 37; Ferguson v. Hogan, 25 Minn. 135; Allen v. Fox, 51 N. Y. 562.

In determining the reasonable value of the use of a threshing machine, evidence of its fitness and capacity for the work of threshing grain and earning a revenue is proper for the consideration of the jury. The questions which the respondent and his witness were permitted to answer against the objection of appellant were for the purpose of eliciting evidence of this character; and the fact that the appellant, on cross-examination of the respondent, called out the fact that he had made contracts for threshing grain with the machine, and that the value of it to him consisted in its use in performing such contracts, did not make the case one for the recovering of lost profits. The rule for measuring the damages adopted by the trial court as applicable to this particular case is not inconsistent with the rule approved by this court in the case of Peerless Mnfg. Co. v. Gates, supra, p. 124, 63 N. W. 260, for the reasonable value of the use of the machine, in its last analysis, means the net value of such use, after allowing, in cases where the property has not been used, and has been properly cared for during the time of its detention, for any depreciation in its value which would have resulted from the natural wear and tear incident to a use of it during such time. The rule, as stated, in general terms, was correct. If the appellant desired to have it stated more explicitly, he should have requested further instructions.

The verdict in this case is sustained by the evidence. The damages seem large to us, but there was evidence in the case to support the assessment made by the jury, and the plaintiff offered no evidence on the question.

Order affirmed.