## The City of Topeka v. Andy Dupree.

### No. 643.

1. PRACTICE, COURTS OF APPEALS—*Transcript—Certificate of Clerk.* Where the clerk of the district court certifies that "the foregoing is a full, true and complete transcript of the record," this court is not authorized to presume that something else should have been included therein.

2. CRIMINAL LAW — *Appeal from Police Court — Original Complaint.* Where it appears from the record that the complaint filed in the district court is the identical complaint on which the appellant was tried in the police court, a motion to quash said complaint, for the reason that it has not on it, or attached to it, a formal certificate of the police judge to such fact, was properly overruled.

Topeka v. Dupree.

3. INTOXICATING LIQUORS — *Sufficient Complaint — Correct Description of Place.* When the place where the offense was committed is correctly described in the complaint, it is not error to refuse to quash the complaint for the reason that the place could have been properly designated by another description.

4. ——— *Valid City Ordinance.* The ordinance under which the conviction was had in this case is held constitutional.

Appeal from Shawnee district court; Z. T. HAZEN, judge.   Opinion filed December 15, 1898.   Affirmed.

*W. A. S. Bird,* for appellee.
*Frank Herald,* for appellant.

The opinion of the court was delivered by

WELLS, J. : This action was originally brought in the police court in the city of Topeka against the appellant, where he was convicted of a violation of city ordinance No. 1909, by keeping a place where intoxicating liquors were sold.   An appeal was taken to the district court, where he was again convicted, and he now brings the case to this court for review.

The record in this court is challenged by the city for the reason that it does not contain a copy of the warrant or transcript from the police judge, and for that reason it is claimed the appeal should be dismissed. The certificate of the clerk of the district court attached to the transcript recites that it is a full, true and complete transcript of the record.   This is all that the law requires, and we are bound to consider that the certificate is true, nothing appearing in the transcript to the contrary.   So far as the record in this case shows, we may presume that the complaint was filed in the police court, after which the defendant appeared therein, had a trial on the complaint, and was convicted, after which he appealed to the district court. In the district court the defendant made a motion to

quash the complaint for the reasons : (1) That the complaint is not properly certified to this court; (2) that the premises are not properly described where the alleged offense was committed; (3) that the complaint is not definite and certain ; (4) that the complaint does not state facts sufficient to charge an offense ; (5) that the ordinance of the city of Topeka under which this defendant is charged is unconstitutional. The overruling of this motion is the first assignment of error.

The questions raised by this motion to quash cover about all the other assignments of error herein. It is shown by the bill of exceptions that the complaint on which the defendant was tried in the district court was the identical complaint on which he was tried in the police court, but the fault found with it is that it has not on it or attached to it a formal certificate of such fact. In the case of *The State v. English*, 34 Kan. 631, 9 Pac. 761, it was held that this is not essential. The description is "a certain two-story brick and stone building at second floor, house No. 200 and 202 Kansas avenue, in the city of Topeka, Shawnee county, Kansas." By reference to the ordinances of said city, of which the court must take judicial notice, it will be found that this description would locate the premises on the east side of Kansas avenue, and describes the north fifty feet of the second block south of First avenue. This is a sufficient description. As to whether the proof justified a conviction under this complaint is another question, and will be considered under another objection ; but the complaint was sufficiently definite and certain, states sufficient facts to put the defendant on his trial, and disposes of the second, third and fourth grounds of the motion.

Counsel for appellant makes no argument and cites no authority in his brief as to the unconstitutionality

of the ordinance, but in the oral argument we were referred to the briefs in another case now pending before us for a discussion of this question.   We have carefully examined these briefs, and it is sufficient to say in this case that we are unable to find sufficient authority to justify us in holding the ordinance void.

The next matter for our consideration is the alleged variance between the description in the complaint of the place where the offense was claimed to have been committed and that in the evidence.   We have hereinbefore shown that, according to the ordinances of the city, the place described in the complaint would be the north fifty feet of the lot or lots facing on Kansas avenue and immediately south of Second avenue. This is the exact location of the building testified to. The contention of the defendant is that, as the building does not extend to the west line of the lot, the numbering should be on Second avenue.   We think it clear that either mode of numbering is correct.   The claim is purely technical and is without substantial merit. There is no substantial variance between the allegation and proof.

The court in its instructions to the jury gave them the material provisions of the ordinance governing the case, including the punishment, but in regard to the latter used the word "or" instead of "and," connecting fine and imprisonment.   As the jury had nothing to do with assessing the punishment, that part of the instruction was surplusage, and we are unable to see how it could prejudice the rights of the defendant.

These are all of the alleged errors that seem to us to require notice.   We see no reversible error in the record.

The judgment of the court below is affirmed.