JOSEPH WAGMAN, APPELLANT, V. JULIUS KESSLER & COMPANY, APPELLEE.

FILED JANUARY 17, 1907.  No. 14,486.

Sales: RESCISSION. The vendee commenced an action to recover partial payment made on a sale of personal property after the vendor had fully complied with all the conditions of the agreement on his part. While the action was pending the vendor

sued out a writ of replevin, making the vendee and a railroad company, which had possession of the goods, parties defendant, alleging that it was the absolute owner of the property. *Held*, That under these facts a rescission of the contract of sale was effected, and that the vendee was entitled to recover advanced payments made upon the sale.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JUDGE. *Reversed.*

*T. W. Blackburn*, for appellant.

*A. G. Ellick*, contra.

DUFFIE, C.

Action for money had and received. The court directed a verdict for the defendant, and the plaintiff appealed. The facts are these: October 31, 1903, plaintiff, who resides in Omaha, gave the defendant, in business in Chicago, a written order for five cases of whiskey in bond, agreeing to pay therefor $33, $13 cash, and $20 on January 1, 1904. The goods being in bond, the plaintiff was to pay the internal revenue amounting, with exchange, to $15.45. November 12, 1903, plaintiff wrote defendant to ship the goods at once. Complying with this request defendant shipped four cases November 14, 1903. The other case was omitted by oversight, but was shipped a few days later and reached the freight house of the railroad company at Omaha November 21, 1903, the four cases having been received at the same place a few days earlier. A bill of lading, to which was attached a draft for the amount of the internal revenue, was sent to one of the banks in Omaha, and the plaintiff notified to pay the draft and take it up, which he did upon receipt of the notice. The bill of lading for the goods last shipped was sent directly to, and received by, the plaintiff. Plaintiff made inquiry at the different freight houses in Omaha for the goods after they had been received there, but was informed that they had not arrived. These inquiries were made about Christmas. Afterwards, and on December

26, 1903, he brought this suit in justice court to recover his cash payment of $13 and the $15.45 which he had paid as internal revenue, his action being based upon the claim that the goods were to be delivered for the holiday trade.

The written order is silent as to the time of delivery, and delivery within a reasonable time is all that could be demanded. Aside from this, the goods were promptly forwarded to the plaintiff on his request, and it is quite plain that on the facts then existing no cause of action had accrued in his favor. While this action was pending, and on December 31, 1903, the defendant obtained possession of the goods under a writ of replevin issued in an action brought by defendant against the plaintiff in this case and the railroad company which held the goods at Omaha, and wherein the defendant in the case at bar claimed the goods as absolute owner. Under this state of facts it seems clear that the judgment of the trial court must be reversed. It is true that the defendant had fully performed its contract by shipping the goods and by delivering to the plaintiff the evidence of title, the bills of lading issued by the railroad company, and it is evident that it could have successfully defended the suit brought by the plaintiff to recover the money paid by him on the sale of the goods had it seen fit to do so and to stand wholly upon the defensive. By commencing this action the plaintiff attempted to rescind the contract of sale, at least the commencement of his action to recover the money paid amounted to a tender of rescission. Instead of simply defending the action, defendant repossessed itself of the goods, and this must be regarded as an acceptance of the tender and, in our view, worked a total rescission of the contract of sale. Having in this way agreed to a rescission of the sale, defendant must return that part of the purchase price received. The court erred, therefore, in not receiving evidence offered by the plaintiff showing that the defendant had repossessed itself of the

goods and held possession of the same as absolute owner when the action was tried.

We recommend a reversal of the judgment and remanding the cause for another trial.

ALBERT and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for another trial.

REVERSED.