ROSS P. CURTICE COMPANY, APPELLEE, v. JAY KENT, ADMINISTRATOR, APPELLANT.

FILED JUNE 13, 1911. No. 16,496.

1. **Infants: CONTRACTS: DISAFFIRMANCE.** When an infant disaffirms a conditional sale contract, the parties stand in the same relation to each other and to the property sold as they would if it had been a disaffirmance of an ordinary sale. The title to the property bought by the infant remains in the vendor, and ordinarily the right to recover partial payments made, if any, rests with the infant.

2. ———: ———: ———. Where an action is brought to recover property sold to an infant, and infancy and partial payment is pleaded, the right to recover the property and the right of the infant to be repaid what he claims he has paid on the purchase price may both be tried in the same action.

APPEAL from the district court for Hall county: JAMES R. HANNA, JUDGE. *Affirmed in part and reversed in part.*

*Arthur G. Abbott,* for appellant.

*Fred W. Ashton, contra.*

LETTON, J.

This is an action in replevin brought to recover a piano sold to defendant by plaintiff for $300 under a conditional sale contract whereby the title to the instrument was retained by the seller until it was fully paid for. Defendant was a minor 17 years of age at the time of the sale. He made default in certain monthly payments, and this action was brought to obtain possession. The piano was taken under the writ and delivered to plaintiff. Defendant pleaded infancy, that he had paid $106 on the piano, no part of which had been tendered or returned, and prayed for a return of the piano or for a judgment for the amount paid by him with interest. The cause was tried to the court without a jury. The finding and judgment were

for the plaintiff, with a further finding that the plea of payment of $106 made by defendant is not a triable issue in the case. From this judgment defendant has appealed.

There is no dispute as to the facts. The only question presented is whether the plaintiff was entitled to retake the piano without returning the amount paid upon the contract. The plaintiff, while conceding that an infant may repudiate a contract respecting personal property during his minority, and that the disaffirmance completely puts an end to its existence both as to him and as to the adult with whom he contracted, and that, before an infant disaffirming a contract can recover property from an adult, he must return what he has received under the contract, argues that, under the rule announced in *Schrandt v. Young*, 62 Neb. 254, the gist of an action in replevin is the right of possession, and the only damages that may be recovered are those arising from the unlawful detention, and insists that the district court properly held that the question of refunding the money paid cannot be determined in this action.

The plaintiff began this action relying upon the conditional contract. After it was begun the infant disaffirmed the contract, and by the act of disaffirmance effectually took away from the plaintiff any right it was then asserting thereunder. The parties then stood exactly in the same position with respect to the piano and the partial payments made thereon as if no conditional contract had ever existed. The contract being set aside by the disaffirmance, plaintiff, still being the owner of the piano, was in the same position as it would have been had it begun the action upon the rescission of an ordinary contract of sale. In such case, would it be permitted to obtain possession of the property in the infant's hands without returning the consideration paid? We think not. The rule is that one who in his minority obtained property which is still in his hands cannot after majority disaffirm and recover the property which he conveyed in exchange for it, unless he offer to return that which he has,

35

and thus place matters as nearly as may be *in statu quo.* *Englebert v. Troxell,* 40 Neb. 195, 26 L. R. A. 177, and note; *Jones v. Valentine's School of Telegraphy,* 122 Wis. 318; *Corey v. Burton,* 32 Mich. 30; Rodgers, Domestic Relations, sec. 683; *Wuller v. Chuse Grocery Co.,* 241 Ill. 398, 28 L. R. A. n. s. 128. The rule applies with greater force to an adult, especially if he seeks to take property by legal process from an infant. *Wagman v. Kessler & Co.,* 78 Neb. 263; *Baker v. McDonald,* 74 Neb. 595; *Tootle v. First Nat. Bank,* 34 Neb. 863. The plaintiff had no right after the disaffirmance to recover the property from the infant without tendering back the money it had received as a condition to recovery. Since the infant by his answer virtually conceded the right of plaintiff to recover the piano if a judgment for the money paid were rendered in his favor, we think the court would have been justified in treating the answer as being of the nature of a counterclaim, and in finding against plaintiff for the money paid and rendering judgment accordingly. The writer had some doubts as to whether a counterclaim for money could be set up in a possessory action, even under the liberal provisions of the code, but finds that such is not an unusual practice, and that it has received the sanction of other courts. It tends to the directness and certainty so much to be desired in legal proceedings, and does away with needless delay and circuity of action.

In an action to compel the delivery of certain bills of lading of goods and to restrain *?* fendants from departing with the goods or from interfering with the merchandise which they represented, it was held in New York that a counterclaim for the price of the identical goods which were the subject of the action was a cause of action "arising out of the transaction," or at least "connected with the subject of the action," and is strictly a counterclaim within the provision of the code. *Thompson v. Kessel,* 30 N. Y. 383.

Where a horse was exchanged for land, and, it having returned to the possession of the original owner, an ac-

tion in detinue was brought for its possession, the defense that certain false representations had been made in order to induce the original transaction and asking to have the contract of exchange rescinded was held to be properly allowable as a counterclaim. *Walsh v. Hall,* 66 N. Car. 233.

Mr. Pomeroy says, in Code Remedies (4th ed.) sec. *791: "The practical question therefore is: When, if ever, may there be a counterclaim of money in an action brought to recover possession of chattels? In some exceptional cases such counterclaims have been allowed, and in my opinion properly allowed. For example, an answer stating the circumstances under which the goods demanded by the action came into the defendant's possession, that the plaintiff was indebted to him in a specified amount, that the chattels were delivered to him as a security for such debt, and that he held them by virtue of the lien thus created by the pledge, and demanding judgment for the debt itself, was adjudged a proper counterclaim." See, on general subject, 34 Cyc. 686; *Carpenter v. Manhattan Life Ins. Co.,* 22 Hun (N. Y.) 49; *Tower-Doyle Commission Co. v. Smith,* 86 Mo. App. 490; *Smith v. Fife,* 2 Neb. 10.

The claim made is one "existing in favor of a defendant, and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim," and it is "connected with the subject of the action." It falls, therefore, directly under the provision of section 101 of the code. The principle is clearly distinguishable from that in *Schrandt v. Young, supra,* on which plaintiff relies.

We think the district court had the authority under the issues to determine whether defendant was entitled to the return of the money paid, and that its judgment should have been in favor of the plaintiff for the recovery of the piano upon its paying the amount the plaintiff had paid thereon, but without interest, since the use of the piano

would offset the use of the money. It was the duty of the court to protect the infant, and, if the guardian *ad litem* had not disaffirmed for him, the court would no doubt have directed it to be done. This being so, and the defendant disclaiming title to the piano, the costs should follow the judgment against the plaintiff for the money paid. The result seems hardly just to the plaintiff, but persons dealing with infants do so at their peril. The law is plain as to their disability to contract, and safety lies in refusing to transact business with them.

The judgment of the district court for the possession of the piano is affirmed, but that portion of the judgment denying defendant the right to try the issue as to the money paid is reversed and the cause remanded for further proceedings in accordance with this opinion; appellant to recover costs.

JUDGMENT ACCORDINGLY.

SEDGWICK, J. concurring.

I think that, under the evidence in this case, the defendant had a special interest in the property to the amount which he had paid to the plaintiff therefor. There seems to be no doubt that the infant could disaffirm his contract of purchase, and if his vendor should elect to take the property it could only be on condition of returning to the infant the amount which had been paid under the contract. The case then falls within sections 191 and 191*a* of the code. The finding should have been for the defendant, that he had the right of possession only and that the value of his possession was the amount which he had paid upon the contract before he disaffirmed. Then the judgment should have been in the alternative, either that the possession be returned to the defendant or that he be paid the "value of the possession of the same," as provided in section 191*a*. It does not seem strange that the trial court was misled by the opinion in *Schrandt v. Young*, 62 Neb. 254. In the whole learned discussion in that case it would seem that the fact that the defendant had a special interest in

the property by virtue of his contract was overlooked. It is said in the opinion that damages "may not be recovered except where there is a return." This is true where the defendant is found to be the general owner of the property, but it is not true when the defendant is found to have a special interest in the property. In such case, by section 191a of the code he is to have either a return of the property or payment of the amount of his special interest in it together with his damages, and his damages in such case would ordinarily be interest on the amount of his claim. It would seem that if the contract under which the defendant held possession of the property at the time the replevin action was begun was of such a nature that the defendant's damages could not be ascertained in an action of replevin, then replevin was not the proper remedy and the plaintiff should have been defeated for that reason. In such case the plaintiff should by an action in equity or some proper proceeding have the rights of the respective parties in the property determined. In other words, if the right of possession depended upon equitable considerations that could not be adjusted in an action at law, replevin would not be the proper remedy, and such action could not be maintained by the plaintiff. In the case at bar there seems to be no difficulty of this kind. The minor was not bound by his contract, but he could not retain the property he had received under it and at the same time disaffirm the contract. The plaintiff therefore might return the money which he had received from the minor and retake the property. Upon the disaffirmance of the contract the minor had an interest in the property to the amount of the advance thereon, so that it seems to me the action comes directly within the provisions of sections 191, 191a of the code.

FAWCETT, J., concurs.