### NATIONS v. GREGG et al.

(Circuit Court of Appeals, Eighth Circuit. May 16, 1923.)

No. 6078.

1. **Infants 58(2)—Infant may disaffirm contract and recover payments.**

Under Nebraska law, a minor buying cattle could plead his infancy and disaffirm his contract, on returning the cattle or any part thereof which remained in his possession, and could recover any money that he had necessarily paid out under the contract.

2. **Principal and surety 118—Father, signing son's note after consideration delivered, not liable.**

Where a minor bought cattle, and seller delivered the cattle to the minor before minor's father signed the minor's note therefor, the father was an accommodation party, and, where no third party rights intervened, the father's defense that at the request of seller's agent he signed simply to show consent to his son's entering the deal was valid; and where the son disaffirmed the contract, the most that could be claimed was that the father was a surety, from which liability he was released, if the son disaffirmed the contract.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by Joseph H. Nations against John E. Gregg and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Allen G. Fisher, of Chadron, Neb., and James C. Quigley, of Valentine, Neb., for plaintiff in error.

J. E. Porter, of Crawford, Neb., for defendants in error.

Before SANBORN and KENYON, Circuit Judges, and SYMES, District Judge.

SYMES, District Judge. Joseph H. Nations, the plaintiff both here and below, a citizen of Texas, brought this action against John E. Gregg and his father, Edward T. Gregg, citizens of Nebraska, to recover upon four promissory notes alleged to have been executed by the defendants, bearing the same date and same due date, for $5,000 each, and asking judgment for a balance due thereon of $16,075, and alleging that the money or credit represented thereby had been secured by fraud.

The defendant Edward T. Gregg in his answer admits the execution of the notes, but alleges as a defense that he signed the same, not as payor, but simply at the request of the plaintiff's agent, and in the capacity of parent of said John E. Gregg, for the purpose only of signifying his consent to his son's contract, a minor. Later Justin E. Porter, guardian ad litem for the defendant, filed an answer on behalf of John E. Gregg, admitting the execution of the notes by John E. Gregg, and alleges that at the time the latter executed the same he was a minor, 18 years of age, and set forth the transaction hereinafter referred to, as a result of which he claims in his cross-petition judgment against the plaintiff for $7,827.26, with interest.

The plaintiff filed a replication, setting up its version of the transaction, which it is not necessary to recite here. At the end of the trial all parties moved for directed verdicts, and the court found the facts as follows:

That one Bosserman, agent for Nations, had a bunch of cattle belonging to the plaintiff in Nebraska, and entered into negotiations there with defendant John E. Gregg, commonly known as Earl Gregg, for the sale of the same. A price was fixed, and it was agreed that he was to take the cattle and pay for them on time, giving the notes in question, secured by a chattel mortgage on the cattle. Accordingly the cattle were driven from the place where they were and delivered to Earl Gregg, and branded by the latter. The court found that this constituted an actual delivery.

That before the branding was wholly completed Bosserman for the first time found that his purchaser was not of age. He went ahead with the deal, however, to the extent of preparing the notes and chattel mortgage, procured the signature of Earl Gregg, and suggested that Earl's father, Edward T. Gregg, sign the papers. The young man made no promises that his father would sign the notes, but at the earnest solicitation and representation of Bosserman that he desired the father's signature simply as showing his consent to the deal as the boy's parent and guardian, Mrs. Gregg consented to take the notes to her husband, Edward T. Gregg, who signed on the understanding

. above set forth, and without intending to assume any personal liability. Bosserman and the father never met.

That thereafter the boy took possession of the cattle, fed them for some time, and finding the venture a losing one on account of the high cost of feed and the loss of a good many of the cattle, due to their weakened and diseased condition when purchased, disaffirmed the contract and offered to turn them back. The plaintiff after some negotiations took back what cattle were left, and credited the agreed value of the same on the boy's notes. Thereafter Earl Gregg disaffirmed the notes on the grounds of infancy. The court sustained the action on behalf of Earl Gregg, and directed the jury to return a verdict in his favor against the plaintiff for the sum of $3,200, the amount of his expenses and disbursements in caring for the cattle, and also sustained the motion of the defendant Edward T. Gregg for a verdict in his favor.

[1] There is no dispute that, under the law of Nebraska relating to minors, Earl Gregg has a perfect right to plead his infancy and disaffirm his contract, upon returning the specific consideration which came to him under the contract, or any part that he has in his possession. In addition he may recover any money that he has necessarily paid out under the contract. 14 R. C. L. pp. 222, 223, 236, 238; Bloomer v. Nolan, 36 Neb. 51, 53 N. W. 1039, 38 Am. St. Rep. 690; Curtice v. Kent, 89 Neb. 496, 131 N. W. 944, 52 L. R. A. (N. S.) 723; 14 R. C. L. 243. There is ample evidence to sustain the lower court in finding that the acts of the minor did constitute such disaffirmance, and further that he returned, and the plaintiff voluntarily accepted, all of the consideration that remained in his possession.

[2] Coming, now, to the liability of the father, Edward T. Gregg, the court found that the plaintiff parted with his consideration to the son before he (the father) signed the notes, and consequently received no consideration or value therefor, and, under the Negotiable Instruments Law in force in Nebraska at the time, was an accommodation party. The notes that plaintiff sues on are still in the hands of the original parties, no rights of innocent third parties having intervened. Therefore the facts found by the court, to wit, that at the request of plaintiff's agent he signed simply to show consent to his son's entering the deal, is a good defense. The most that could be claimed was that he was a surety, from which he is released if, as the court found, the infant disaffirmed the contract in due time and restored the consideration. Evants v. Taylor, 18 N. M. 371, 137 Pac. 583, 50 L. R. A. (N. S.) 1113.

The judgment of the lower court is affirmed.