FREMONT JOINT STOCK LAND BANK, APPELLEE, V. ELIZABETH HARDING ET AL., APPELLEES: SENA JONES ET AL., APPELLANTS.

FILED APRIL 24, 1936. No. 29487.

*Davis & Vogeltanz,* for appellants.

*Good, Good & Kirkpatrick, Munn & Norman* and *Mark Simons, contra.*

*Quintard Joyner, amicus curiæ.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

EBERLY, J.

This is an appeal in equity presented by Sena Jones and B. J. Jones, her husband, as appellants, from a final order of the district court for Valley county in this cause, which was entered in the following terms:

"Now on this 29th day of October, 1934, this matter came on for hearing on the application of the defendant, Sena Jones, to set aside the order vacating the moratorium and the order confirming the sale, upon said application and evidence duly introduced, and the court being fully advised in the premises, finds that said application should be denied.

"It is, therefore, ordered, adjudged and decreed that said application be, and the same is, hereby denied, to all of which the defendant, Sena Jones, excepts."

The record discloses that on August 19, 1932, plaintiff filed its petition in foreclosure, which disclosed that the last payment made by the defendants, under the mortgage in suit, was the payment of an instalment which came due July 1, 1931, and also showed that the defendants had paid no taxes on the mortgaged premises since those levied for the year 1929. Due service of process was had. On October 28, 1932, a decree was entered finding that there was then due and unpaid to plaintiff upon the debt secured by said mortgage the sum of $13,828.04 with interest at 8 per cent. from date of decree. On the same day the statutory nine months' stay of proceedings was entered in favor of defendants. On September 5, 1933, the land was sold to the plaintiff, after being advertised for 30 days, for $14,-808.78. On the same day the plaintiff filed a motion to confirm said sale. On September 16, 1933, Sena Jones, defendant, filed an application for a moratorium in accordance with the statute passed at the 1933 session of the legislature, which moratorium was to extend until March 1, 1935, and also asked for the fixing of the rentals for the coming year. On September 19, 1933, upon this application, a hearing was had upon the evidence introduced by the parties, at the conclusion of which it was ordered that "further proceedings herein be and they hereby are stayed until March

1, 1935, upon the following conditions: The said defendant shall pay to the clerk of the district court for Valley county, Nebraska, the sum of $75 as cash rent for the pasture, prairie hay land and buildings on the premises involved herein, one-half of the said amount shall be paid on or before March 1, 1934, and the balance on or before January 1, 1935." The order provided for a crop rent in addition. The $37.50 cash rent payable by the conditions of the moratorium on or before March 1, 1934, was not paid to the clerk of the district court, as required by the terms thereof, and no rent whatever was ever paid or tendered to that officer or to the plaintiff herein. On September 7, 1934, the plaintiff filed an application to vacate the moratorium granted because of the failure of the defendants to pay the cash rent due March 1, 1934, as provided by the terms and conditions thereof, and of this application appellants' attorneys of record were given due notice. The defendants knew of the provisions of the moratorium requiring the payment of $37.50 on or before March 1, 1934. In addition, their attorneys of record had written Mrs. B. J. Jones on September 18, 1934, advising her of the application of the plaintiff for a vacation of the moratorium because of failure to comply therewith. As to actual knowledge of the defendants of the facts contained in this letter, the bill of exceptions discloses the following: "Q. Did you get a letter from me in reference to the hearing at the last term of court? A. Yes; the day before it was to be confirmed or the day before action was to be taken here by woman telephoning over the day before."

There is no evidence in the record which negatives the conclusion that the defendants were actually advised of the pendency of the application to cancel the moratorium on the 19th or 20th of September, 1934, previous to the hearing thereof on September 21, 1934, at 1:30 p. m. On the day last named the moratorium was, by the judgment of the trial court, canceled and revoked, and the sale, which was made pursuant to the decree of the court, on September 5, 1933, duly confirmed and deed ordered. This decree also

provided that a writ of assistance issue commanding the sheriff of said county to put the purchaser in possession.

Notwithstanding the fact that the defendants, prior to September 21, 1934, had actual knowledge of the pendency of plaintiff's application to cancel the moratorium, on October 20, 1934, but still one of the days of the regular September term of the district court for Valley county, the defendant, Sena Jones, filed an application for the setting aside of the order vacating the moratorium; asking that the order confirming said sale be vacated, and that the deed, if already issued, be canceled. As part of this application, it is alleged: "This defendant now tenders into court the sum of $37.50, with interest, if the court finds it should be paid." On October 29, 1934, this application was denied. It is from this order only that an appeal is prosecuted.

If we assume a tender necessary under the facts in this case, the record suggests the question of whether a proper tender was in fact made. There is no evidence that the money was ever actually produced in court or actually tendered, or that plaintiff was ever called upon to accept or reject it. A tender must be absolute and unconditional. *Schrandt v. Young*, 62 Neb. 254, 86 N. W. 1085. Then too, the rule appears to be that the plaintiff in an action already commenced is not compelled to receive a sum of money in satisfaction of his claim, unless the sum so paid is sufficient to include the costs to the time of payment. *McEldon v. Patton*, 4 Neb. (Unof.) 259, 93 N. W. 938.

New trials as a matter of right in civil cases are governed by section 20-1143, Comp. St. 1929, which reads as follows: "The application for a new trial must be made at the term the verdict, report, or decision is rendered, and, except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented."

There is no showing whatever of "reasonable diligence" on part of the defendants, or that they were "unavoidably

prevented" from filing a proper motion for a new trial in compliance with the terms of the statute above quoted. However, where an application for a new trial is made subsequent to the lapse of three days after the decision is rendered, the case comes within the scope of another doctrine. It was stated in the following words by Sullivan, J., in *Bradley v. Slater*, 58 Neb. 554, 78 N. W. 1069: "A defendant against whom judgment has been rendered by default may during the term, and after the expiration of three days from the date of the judgment, ask the court, as a matter of judicial grace and in furtherance of justice, to grant him a new trial; and the court may comply with his request regardless of the form in which it is presented."

While it is true that all equity cases are to be considered *de novo* on appeal, still this court exercises its constitutional appellate jurisdiction only in their consideration. We are in all respects confined to the record properly before us, limited to what was presented to the trial tribunal. What is here challenged by the appeal is not the denial of a legal right, but the refusal to exercise judicial grace. The judgment vacating the moratorium stay, and confirming the sale of the mortgaged premises, was entered on September 21, 1934. The transcript on appeal in the present appellate proceeding was not docketed in this court until January 22, 1935, so the merits of the case, so far as the action taken on September 21, 1934, is concerned, are not before us. No appeal has been prosecuted therefrom. We now deal only with the refusal of the trial court to exercise its inherent powers as a matter strictly of judicial grace.

It is not to be overlooked that the original moratorium as expressly applied for by the defendants, and as granted by the court, expired March 1, 1935. As part of the order entered on September 21, 1934, the court, on its own motion, provided that on confirmation no writ of assistance should issue against the defendants until March 1, 1935. Thus, the continued possession of the defendants was assured for the full term of the moratorium statute then in force.

The terms and conditions of the moratorium decree of September 19, 1933, had the force and effect of a judgment. It was violated by the defendants by their default of March 1, 1934. Six months passed and no application for modification or other relief was presented by them. It is admitted that they were wholly unable to comply with any of the conditions prescribed until "just recently," which we understand, from the context, to mean, "just before the date of the application made on October 20, 1934." Considering the terms prescribed by the original moratorium in the nature of a contractual obligation binding on the parties thereto, as to which the defendants are promisors, the rule is: "The promisor's breach of an unconditional contract cannot be excused by any act of his own or of those in privity with him which prevents performance or renders it impossible." 13 C. J. 637. And, in the instant case, under the facts and circumstances existing at the time of the entry of the judgment appealed from, the legal effect of the conditions and terms thereof is in no manner altered or varied because the parties defendant were not possessed of sufficient funds to comply therewith. 13 C. J. 635; *McCreery v. Green*, 38 Mich. 172; *Western Union Telegraph Co. v. Detroit & M. Ry. Co.*, 233 Mich. 1, 206 N. W. 520.

It follows that the district court, in its denial of the application of defendants appealed from, committed no abuse of judicial discretion, but its action is fully justified by the present record, and its judgment is

AFFIRMED.