SALEM FEMALE ACADEMY *v.* MARY E. PHILLIPS.

Where a guardian sends his wards to a school, the charges for board, tuition, &c., will, in the absence of a special contract to the contrary, be upon his individual responsibility, but where in a suit against the guardian for such board, tuition, &c., the answer of the defendant denies his individual liability, and alleges that the credit was given by the plaintiff to the estate of his wards in his hands, an issue of fact is raised as to the individual liability of the guardian, which must be submitted upon the evidence *pro* and *con* to the jury for their determination.

This was a CIVIL ACTION tried before his Honor, *Cloud,* J., at the Fall Term, 1872, of the Superior Court of FORSYTHE.

The plaintiff claimed the sum of $644, with interest, for the board, tuition, &c., of three daughters of the defendant, she being also their regularly appointed guardian.  The account was commenced the 31st day of December, 1864, and ended the 12th day of June, 1865.  The complaint alleged that the account was contracted by the defendant upon her individual responsibility.  This was denied by the defendant in her answer, she alleging on the contrary that the plaintiff, through its agents, gave credit not to her, but

to the estate of her wards in her hands. After reading the complaint and answer to the Court and jury, the plaintiff's counsel requested his Honor to instruct the jury to render a verdict for the amount demanded, on the ground that the answer admitted all the material allegations of the complaint. This instruction was given against the objection of the defendant's counsel. The jury thereupon rendered a verdict in favor of the plaintiff for the amount claimed, to-wit: the sum of $644, with interest thereon from June 12th, 1865. There was a motion for a new trial, which being refused and a judgment rendered, the defendant appealed.

*Scales & Scales,* for the plaintiff.
*T. J. Wilson* and *R. B. Peebles,* for the defendant.

PEARSON, C. J. There is no doubt that a parent, guardian or any person who enters a child at a school is undeniably liable for the ordinary expenses of the institution; the services are rendered at their instance and request, and it is not to be expected, under ordinary circumstances, that the authorities of the institution are to concern themselves by an inquiry as to the estate of their pupils. Indeed the policy of such institutions is not even to rely upon the individual credit of the patron entering a scholar, but to require "prepayment" by the session or half session.

It seems, in this instance, "prepayment" was not required; and the Court is bound to take notice of the fact that in January, 1865, when the session commenced, the only currency was Confederate treasury notes, which, in fact, amounted to nothing; so, when these three young ladies who were pupils of the academy, continued for another session without prepayment, it must have been in pursuance of some arrangement between the authorities of the institution, and the mother and guardian of the pupils.

Unless there be a special contract, the defendant is liable

individually; his Honor acting upon that principle, without other evidence except the admissions set out in the answer, directed a verdict for plaintiff. The question presented by the appeal, is: whether his Honor had a right to make "short work" of it in this way, and should not have submitted an issue to the jury—were the pupils continued for the session beginning 1st January, 1865, with the understanding that it was not on the credit of the defendant, but, with the understanding that it was on the credit of the. estate of the pupils?

The answer expressly denies the individual liability of the defendant, and avers that it never was her intention or expectation that she was to be liable out of her own estate for the expenses of her three children, all of which was known to the agents of the plaintiff. This averment, although made very inartificially, was enough to raise an issue of fact, as to the individual liability of the defendant, which was fit. to be left to a jury.

There is error. The question, whether the agents of the plaintiff did agree to let the three girls continue for session beginning 1st January, 1865, upon the credit of the funds; in the hands of the defendant, and not upon the individual credit of the defendant, ought to be submitted to a jury.

Error.

PER CURIAM.                                    *Venire de novo.*