TENCH C. COXE, SR., GUARDIAN v. WHITMIRE MOTOR SALES COMPANY.

(Filed 23 December, 1925.)

**Guardian and Ward—Leases—Landlord and Tenant—Fraud—False Warranty—Damages—Statutes.**

Where a lease by the guardian of his ward's lands was not publicly made, C. S., 2171, nor approved by the clerk of the Superior Court, C. S., 2172, the lessee may not hold the ward's estate liable for the false representations of the guardian's agent as to the value of the leased property for the lessee's purposes, nor for his false warranty thereof. The personal liability of the one acting as guardian remarked upon by STACY, C. J.

APPEAL by plaintiff from *Lane, J.,* at September Term, 1925, of BUNCOMBE.

Civil action by plaintiff, landlord, to recover rent from defendant, his tenant, and damages for failure to keep demised premises in repair, as per stipulation in lease.

On 9 February, 1923, the plaintiff, as guardian for M. C. and F. R. Coxe, minors, leased to the defendant the premises described as 99, 101 and 103 Patton Avenue, in the city of Asheville, for a term of two years, beginning on 1 April, 1923, and ending on 31 March, 1925, at a yearly rental of $3,600, payable in monthly installments of $300 each, said premises to be used for motor sales, repair and paint shop.

The defendant took possession of said premises on 1 April, 1923, and occupied the same until 10 December, 1924, at which time he vacated said premises without paying for the last month's rent. This action was instituted on 24 December, 1924, to recover the rent then in arrears and damages for failure to keep said premises in repair, as defendant had agreed to do.

In his answer, the defendant sets up a counterclaim for damages resulting from loss of business, etc., occasioned by the alleged false and fraudulent representations made by plaintiff's agent as to the condition and availability of said premises for use in the prosecution of defendant's business.

Upon the issues thus joined, the jury returned the following verdict:

"1. Was defendant induced to lease the premises in controversy upon the representation that they were in a safe and tenantable condition for use by defendant, as alleged in the answer? Answer: Yes.

"2. If so, was such representation false, as alleged in the answer? Answer: Yes.

"3. If so, what damages is defendant entitled to recover of plaintiff on account of said false representation? Answer: $1,191.

"4. In what amount, if any, is defendant indebted to plaintiff? Answer: $300."

From a judgment entered on this verdict adjudging that the defendant "have and recover of the plaintiff, Tench C. Coxe, Sr., as guardian for M. C. Coxe and F. R. Coxe, minors, the sum of eight hundred ninety-one ($891) dollars and the costs of this action to be taxed by the clerk," the plaintiff appeals, assigning errors.

*Leo, Ford & Coxe* for plaintiff.
*Mark W. Brown* for defendant.

STACY, C. J., after stating the case: It is apparent from the face of the record that the judgment entered in this case cannot be sustained. The suit is brought by plaintiff, in his capacity as guardian and on behalf of his wards or their estate. Likewise, the cross-action is directed against the plaintiff in the capacity in which he sues. The defendant's counterclaim is bottomed on an allegation of deceit, or fraud in the treaty inducing the execution of the lease. *Furst v. Merritt, ante,* 397, 130 S. E., 40. He has been allowed to recover for false warranty. The renting was not made publicly (C. S., 2171); nor was the lease approved by the clerk of the Superior Court. C. S., 2172.

Conceding that an action for deceit includes false warranty, such as defendant has recovered for here, we are aware of no statute or de-

cision in this State authorizing a judgment to be taken and entered against a ward or his estate for the false warranty of the agent of a guardian in representing the ward's property to be suitable for certain purposes, such as was done by the plaintiff's agent, according to defendant's allegation, in executing the lease now before the Court. The law would seem to be otherwise. *LeRoy v. Jacobosky,* 136 N. C., 443; *Female Academy v. Phillips,* 68 N. C., 491; *Smith v. Kron,* 96 N. C., 397.

The question of the personal liability of the plaintiff is not presented on the present record. But for a statement of the general rule, see *Jones v. Johnson,* 178 Pac. (Okla.), 984, 21 A. L. R., 903; 12 R. C. L., 1126 *et seq.*

The verdict and judgment will be vacated and the cause remanded, to the end that further proceedings may be had as the law directs and as the rights of the parties require.

New trial.